[Civ. No. 2520.  First Appellate District.—November 16, 1918.]

## CHARLES D. FARQUHARSON, Appellant, v. THOMAS SCOBLE et al., Respondents.

DEEDS—RESTRICTIVE COVENANTS — GENERAL BUILDING PLAN — MAP AS EVIDENCE.—In an action by a vendee to enforce alleged restrictive building covenants claimed to have been provided for by a vendor under a general building plan for the subdivision and sale of a tract of land, and to cancel a conveyance claimed to have been made by the vendor to a subsequent vendee in violation of the same covenants, the existence of the covenants claimed cannot be implied from the mere making and filing of a map showing the different subdivisions, nor from the fact that the vendor sold lots in conformity therewith.

ID.—SUCH COVENANTS STRICTLY CONSTRUED.—Restrictive covenants, though enforced when valid, will be construed strictly against the person seeking their enforcement, and when none are contemplated, courts will not create them.

ID.—PLEADING.—In this action it is held that the complaint failed to state a cause of action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton  and  Edward T. Houghton, for Appellant.

Harding & Monroe, for Respondent John Brickell Company.

Robert H. Borland, for Respondent Thomas Scoble.

LENNON, P. J.—This is a suit in equity to enforce certain alleged building covenants claimed to be provided for under a general building plan designed by defendant, John Brickell Company, for the improvement, subdivision, and sale of a certain tract of land situated in the city and county of San Francisco, fronting on the Golden Gate and known as Seacliff. Demurrers to the complaint were interposed by the defendants, and were sustained by the trial court mainly upon the ground that the complaint did not state a cause of action, and this appeal is from the judgment entered in favor of the defendants upon failure on the part of plaintiff to amend. The sufficiency of the complaint, therefore, is the single question presented by this appeal.

It is unnecessary to recite in detail the elaborate matters of inducement indulged in by plaintiff in stating his cause of action. The substance of the allegations necessary for a discussion of the case is, first, that the Brickell Company adopted in the subdivision of the tract of land above referred to what courts have called a "general building plan," under which the parcels subdivided were to be used for high-class restricted residences. The complaint then alleges that in the formation of such plan an elaborate and detailed map was prepared by defendant showing the subdivision of the tract into lots, and that sales were made to plaintiff and others in accordance therewith and under the representation that all the subdivisions would be disposed of in conformity with such map and subject to certain restrictive building covenants designed for the development of the tract as a whole and for the benefit of every purchaser in particular. It further alleges that the defendant, John Brickell Company, had sold to the defendant, Thomas Scoble, parcels of land contiguous to the lots owned by plaintiff not in accordance with the subdivision as contained on the map under which it had represented the land would be sold, and subject to restrictive building covenants relating to the location of residence building with respect to side-line boundaries less onerous than those imposed on the adjoining property of plaintiff. It also avers by affirmative allegation and by the recital of certain facts a knowledge on the part of Scoble of the general building plan adopted by his codefendant, John Brickell Company, and of the restrictive covenants contained therein relating to the

location of buildings that might be erected on the various subdivisions, and a further knowledge on the part of Scoble of the map showing the dimensions of the different parcels. The allegations as to notice, however, refer to a period of time subsequent to the purchase by Scoble of the lots in question.   Other allegations show the commencement of the construction of a residence by Scoble in violation of these restrictive covenants.

In the prayer of the complaint the plaintiff asks for relief by injunction restraining the defendant, Scoble, from erecting a residence except in accordance with the general plan under which all sales prior to the sale to Scoble had been made. Cancellation of the conveyance is also asked for on such terms as the court deems just.

The theory of plaintiff's case and the principle upon which his claim for relief is based is that where, as here, the owner of a tract of land has laid it out and offered it for sale under a general plan, he has no right to change or modify such plan, either by subdivision of the tract into smaller lots than originally laid out, or by releasing the unsold portion from restrictive conditions imposed on the sold portion, or modifying such conditions, to the disadvantage of the latter and the benefit of the former.

Respondents do not deny the correctness of this doctrine, but claim that the facts of the case afford no foundation for its application.

The restrictive building covenants contained in plaintiff's deed provided that all residence buildings erected on the lots in question should be placed back at least eight feet from the front, and at least three feet from one and seven feet from the other side boundary lines of said lots as platted and designated on the map.   There is no restriction in the Scoble deed fixing the distance a residence must be set back from the front line, and the restrictions of three and seven feet imposed upon plaintiff's lots in respect to certain side boundary lines is reduced and cut down to one foot on the easterly and increased to eight feet on the westerly line.   It is not claimed by defendants that a general plan as to street-line restrictions has not been properly pleaded, and defendants admit that through error no front-line limitation was inserted in the Scoble deeds.   There is, however, no allegation in the complaint showing any violation of this restriction, nor is it

claimed that the building being erected is not in accord therewith. Plaintiff's cause of complaint is thus narrowed down to the proposition as to whether or not under his pleadings the defendant, John Brickell Company, is precluded from selling, and the defendant, Thomas Scoble, from purchasing any land in this particular subdivision of Seacliff, first, other than in the parcels and lots as platted and shown upon the map which the former caused to be prepared to assist in presenting that general scheme under which the tract was offered for sale; and, second, with restrictive building covenants less onerous or burdensome than those imposed on other lots in the tract similarly located.

With reference to the first question, plaintiff does not claim that any express restrictive covenants are contained in any of the deeds of the company against the sale of lots in dimensions contrary to the subdivisions as claimed on the map. Upon this subject he alleges that defendant Brickell Company had represented to all purchasers of lots that sales would be made in accordance therewith. This allegation, however, is merely a general one, for it appears from other recitals in the complaint that such allegations as to representations is predicated upon the legal effect of the company's act in filing its map. In our opinion, the covenant here claimed cannot be implied from the mere making and filing of the map showing the different subdivisions, or by selling lots in conformity therewith. The right of an owner in such a case to dispose of the unsold portions of his lots singly or in bulk, or by subdivision into smaller parcels, is in no manner limited or impaired thereby. (*Herold* v. *Columbia Investment & Real Est. Co.*, 72 N. J. Eq. 857, [129 Am. St. Rep. 718, 16 Ann. Cas. 580, 14 L. R. A. (N. S.) 1067, 67 Atl. 608].) Of course, limiting and restrictive covenants when valid will be enforced, but when claimed courts will construe them strictly against the person seeking their enforcement, and when none are contemplated, they will not be created. In their absence a vendee cannot be held to a restrictive use of his property. That uniformity in the dimensions of the lots was never contemplated is shown by the map itself, for no uniformity exists with reference to the size or shape of the lots as laid out in the subdivision. We are, therefore, of the opinion that the complaint in this particular fails to state a cause of action, and we are of the further opinion that there is no merit in

appellant's second contention with reference to the alleged side-line building restrictions. That some restrictive covenants with respect to open spaces and areas between and around the residences to be erected were .contemplated there is no question, but that their exact dimensions were ever fixed and established is not shown by the complaint.

Plaintiff claims that they should be in conformity with those established in his deeds. But even as to those, no uniformity is shown to exist, for the dimensions as to the easterly and westerly boundaries are not uniform. That no general scheme or plan in this particular was ever contemplated is further indicated by other pleaded facts. None are contained in the printed form of deed adopted by the company. In that instrument the provisions as to the dimensions of the side-line restrictions are left blank, presumably to be filled in when fixed and determined by the company when selling a particular lot. In addition thereto it affirmatively appears by the allegations in the complaint that the side-line distances, even when established and adopted, were subject to change by agreement of contiguous or abutting owners. Under such circumstances, the side-line restrictions could be entirely done away with. How, then, can it be said that such restrictions were in accordance with any general plan? We conclude there was none.

From what we have said we are of the opinion that the sale by the company of the lots to Scoble was not destructive of, or violative of, or inconsistent with any general building plan adopted by the company.

Judgment affirmed.

Sturtevant, J., *pro tem.* and Beasly, J., *pro tem.*, concurred.